UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x    04 CV 4141 (NG) (LB)

RICHARD STONE,

                      Plaintiff,

    -against-                                          **ORDER**

NYC TRANSIT and UNITED STATES
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                      Defendants.
------------------------------------------------------------x

**GERSHON, United States District Judge:**

      Plaintiff commenced this action against the United States Equal Employment Opportunity Commission ("EEOC") and the New York City Transit Authority ("NYCTA") alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213. Plaintiff was never employed by the EEOC, nor did he ever seek employment by the EEOC; his claims against the federal agency are based on allegations that it failed to investigate adequately his charge of employment discrimination against the NYCTA. On March 29, 2005, the EEOC moved to dismiss the claims asserted against it on the grounds that the court lacks subject matter jurisdiction, and that plaintiff's complaint fails to state a claim upon which relief can be granted. By order dated March 31, 2005, the court set a briefing schedule for the EEOC's motion to dismiss, pursuant to which plaintiff was directed to serve and file opposition to the motion by May 2, 2005 and the EEOC was directed to serve and file any reply by May 16, 2005. By letter dated April 1, 2005, counsel for the EEOC informed the

1

court that she would be on medical leave until May 27, 2005, and requested an extension of time to file a reply until June 16, 2005. The request was granted by the court on April 20, 2005. By letter dated June 28, 2005, plaintiff advised the court that he had not been served with reply papers by the EEOC. But, since plaintiff neither served nor filed any opposition papers to the EEOC's motion, there was no occasion for the EEOC to submit a reply.

The unopposed motion of the EEOC is hereby granted. It is well-settled that "the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations omitted). Although Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, the relevant provisions of which are incorporated into the ADA by reference, grants a waiver of sovereign immunity in cases in which federal employees or prospective employees allege discriminatory employment practices by a federal agency, *see* 42 U.S.C. § 2000e-16, neither the ADA nor Title VII grants a waiver of sovereign immunity in the circumstances presented by this case. Accordingly, with respect to plaintiff's claims against the EEOC, the court lacks subject matter jurisdiction, and those claims are dismissed.

In any event, plaintiff fails to state a claim against the EEOC. "Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge." *Baba v. Japan Travel Bureau International, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997) (per curiam).

In conclusion, for the reasons set forth above, the EEOC's motion to dismiss is granted.

**SO ORDERED.**

/S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
July 7, 2005